IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM STOKES, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:08-CV-806-WKW |
| | ) | |
| CLAYTON HOMES, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM OPINION AND ORDER**

Before the court is a Motion to Remand (Doc. # 4), filed by Plaintiffs William Stokes and Kelli Burgess (collectively "Plaintiffs"). Defendants Clayton Homes, CMH Homes, Inc., and CMH Manufacturing, Inc. ("Defendants"), submitted a Response to Motion to Remand (Doc. # 7). For the reasons set forth below, the court finds that the Motion to Remand (Doc. # 4) is due to be granted.

**I. FACTS AND PROCEDURAL HISTORY**

On or about August 9, 2008, Plaintiffs filed this lawsuit in the Circuit Court of Covington County, Alabama, alleging federal and state law claims arising from their purchase of a manufactured home from Defendants. (Compl. 4 (Ex. to Doc. # 5).) For each claim – breach of express warranty, breach of implied warranties, violation of the Magnuson-Moss Warranty Act ("Act"), 15 U.S.C. § 2301, and three counts of negligence – Plaintiffs

seek unspecified damages. (Compl. 5-8.) In particular, on their claim brought pursuant to the Act, Plaintiffs seek damages for "loss of value, loss of use, and mental anguish" (Compl. ¶ 19), but do not quantify the value of these damages.

On October 2, 2008, Defendant CMH Manufacturing, Inc., removed the case to federal court on the basis of the complaint, predicating subject matter jurisdiction and removal on 28 U.S.C. §§ 1331, 1441, and 1446. (Notice Removal (Doc. # 5).) Specifically, CMH Manufacturing, Inc., alleges that the court may exercise federal question jurisdiction over the complaint because one of the counts alleges a cause of action under the Act. (Notice Removal 3.) The other two named Defendants joined in the removal. (Notice Removal 3 (Ex. C).) Defendants contend that the $50,000 jurisdictional amount-in-controversy requirement under the Act is satisfied. (Notice Removal 3.) Contesting this assertion, Plaintiffs filed the present Motion to Remand within thirty days of removal and, in support of their motion, submitted the affidavit of their counsel, Thomas B. Albritton, Esq. ("Mr. Albritton"). (Albritton Aff. (Ex. A to Doc. # 4).)

## II.  STANDARD OF REVIEW

"[F]ederal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 716 (1996). However, "[f]ederal courts are courts of limited jurisdiction." *Burns v. Windsor Ins. Co.*, 31 F.3d 1092, 1095 (11th Cir. 1994). Thus, with respect to cases removed to this court pursuant to 28 U.S.C. § 1441, the law of the Eleventh Circuit favors remand where federal jurisdiction is

not absolutely clear. "[R]emoval statutes are construed narrowly; where plaintiff and defendant clash about jurisdiction, uncertainties are resolved in favor of remand." *Burns*, 31 F.3d at 1095.

### III. DISCUSSION

The Act implicates the court's federal question jurisdiction under 28 U.S.C. § 1331. There is generally no congressionally-mandated amount in controversy requirement when subject matter jurisdiction is based upon a federal question stemming from a violation of the Constitution, laws, or treaties of the United States. *See* § 1331. However, the Act specifies that unless there is more than $50,000 at issue, any action brought under the Act is to be heard in state court. 15 U.S.C § 2310(d)(3)(B) ("No claim shall be cognizable [in federal district court] if the amount in controversy is less than the sum or value of $50,000 (exclusive of interest[] and costs) computed on the basis of all claims to be determined in this suit.").

As grounds for their Motion to Remand, Plaintiffs contend that Defendants have not met their burden of establishing that the Act's $50,000 jurisdictional amount-in-controversy requirement is met. "When the complaint does not claim a specific amount of damages, 'the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds the jurisdictional requirement.'" *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 481 (11th Cir. 2005) (quoting *Williams v. Best Buy Co., Inc.*, 269

F.3d 1316, 1319 (11th Cir. 2001)).[1] For purposes of assessing the amount-in-controversy requirement under the Act, a court may consider "economic losses relating to the purchase of the home[,] . . . as well as personal injury damages arising only from §§ 2304(a)(2), (a)(3), or 2308," *Grant v. Cavalier Mfg., Inc.*, 229 F. Supp. 2d 1332, 1336 (M.D. Ala. 2002) (citing *Hughes v. Segal Enters., Inc.*, 627 F. Supp. 1231, 1239 (W.D. Ark. 1986)). Under the Act, the court cannot consider any damages sought for the state law claims. *See Ansari v. Bella Auto. Group, Inc.*, 145 F.3d 1270, 1272 (11th Cir. 1998) (per curiam) ("[T]he amount in controversy for purposes of Act § 2310(d)(3)(B) does not include damages flowing from any pendent state law claim brought by a plaintiff.").

In their Notice of Removal, Defendants assert that the base price of the home at issue was $59,918.24, which alone satisfies the jurisdictional requirement of the Act (Notice Removal 3), but this would only be the correct measure of the amount in controversy if Plaintiffs indicated that they were seeking a refund of the purchase price of their home. Plaintiffs have made no such assertion.[2]

---

[1] The Eleventh Circuit, albeit in an unpublished opinion, applied the preponderance-of-the-evidence standard when evaluating whether the removing defendant had established that the Act's amount-in-controversy requirement was satisfied where the complaint contained unspecified damages, *Allen*, 155 F. App'x at 481; *see also Anderson v. Lotus Cars USA, Inc.*, No. 8:06-cv-1944, 2007 WL 1229105 at *1 (M.D. Fla. Apr. 26, 2007) (same). No contrary argument having been advanced, this court shall do the same.

[2] If they had, it is not certain that they would recover more than $50,000, since the refund amount would be reduced by the value that Plaintiffs received from their use of the home. *See Ready v. River Birch Homes*, No. 07-0031-WS, 2007 WL 841740, at *4 (S.D. Ala. Mar. 15, 2007) (Regarding a mobile home purchased for $58,277.39, "Plaintiffs do not automatically, necessarily stand to gain $58,277.39 or more if they prevail on a claim for refund based upon breach of warranty.").

Not only have Plaintiffs not claimed a refund for the purchase price of their home, but they also have asserted that, "[w]hen they filed the [] Complaint, [they] did not intend to seek damages in an amount that exceeds $49,999.00, exclusive of interest and costs, on the claims brought pursuant to the . . . Act," (Albritton Aff. ¶ 2), and that they "will not seek nor will they accept, damages or a judgment [for violation of the Act] in an amount that exceeds $49,999.00" (Albritton Aff. ¶ 3).

In response to this affidavit, Defendants argue that Plaintiffs' "post-removal" affidavit "cannot divest the [c]ourt of jurisdiction." (Resp. 2.) Defendants are correct that a plaintiff cannot reduce his claim after removal to defeat federal court jurisdiction. (Resp. 4 (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289-90 (1938).) Here, in the complaint, the amount of damages requested under the Act is unspecified, which makes the amount in controversy sufficiently unclear to deter the court from exercising jurisdiction.[3] The affidavit serves only to clarify the amount in controversy by providing that, when the complaint was filed, less than $49,999 was sought under the Act (Albritton Aff. ¶ 2), and there is no indication that the damages sought changed prior to the date when the action was removed. *Cf. Hardy v. Jim Walter Homes, Inc.*, No. 06-0687-WS-B, 2007 WL 1889896, at *3 n.6 (S.D. Ala. June 28, 2007) (noting that, "[u]nder firmly entrenched Circuit precedent, [post-removal] affidavits are properly considered to clarify the amount in controversy at the

---

[3] Under the well-pleaded complaint rule, "jurisdiction exists only when a federal question is affirmatively and distinctly present on the face of the plaintiffs' properly pled complaint." *Ferrari v. Am. Home Products Corp.*, No. 02-CV-1300-CAP, 2002 WL 34459574 at *3 (citing *Rivet v. Regions Bank of Louisiana*, 522 U.S. 470, 475 (1998).)

time of removal" in diversity actions where damages sought in the complaint are unspecified). On this record, the affidavit neither repudiates nor reduces the jurisdictional amount sought in the removed complaint. To the contrary, the court finds that the affidavit clarifies that, at the time the complaint was removed, the amount in controversy was less than $50,000. Accordingly, the court finds that Defendants' sole argument for rejecting the affidavit is not persuasive and that Defendants have not met their burden of showing by a preponderance of the evidence that more than the jurisdictional amount under the Act has been sought. Consequently, the court cannot exercise jurisdiction on the basis of federal question jurisdiction.

In their response, Defendants raise an additional and separate jurisdictional argument for why removal is appropriate. (Resp. 6.) Citing Mr. Albritton's affidavit, Defendants now claim that there is more than $75,000 at issue on all claims, which is sufficient to invoke the court's diversity jurisdiction, *see* 28 U.S.C. § 1332.[4] (Resp. 6.) Specifically, Defendants point to Mr. Albritton's attestations that, while damages are capped under the Act (Albritton Aff. ¶ 2), the damages sought on the state law claims "exceed[] $50,000" (Albritton Aff. ¶ 3). (Resp. 6.) Defendants assert that § 1332's amount-in-controversy requirement is met by adding together $49,999 (the amount Defendants say Plaintiffs seek under the Act) and $50,000 (the minimum amount Plaintiffs seek on their state law claims). (Resp. 6.) In other

---

[4] That there is complete diversity of citizenship between Plaintiffs and Defendants is not in dispute.

words, Defendants assert that Mr. Albritton's affidavit provides an additional jurisdictional basis upon which to base removal. (Resp. 6.)

Assuming, without deciding, that Defendants properly raised a new and independent basis for removal in their responsive brief,[5] the issue concerns the propriety of the removal based upon diversity jurisdiction, which turns on the sufficiency of the evidence supporting the amount in controversy presented by Plaintiffs' claims.

When a plaintiff challenges removal pursuant to 28 U.S.C. § 1447(c) in a timely motion to remand, the plaintiff is specifically challenging the *propriety of removal itself* on the basis of either a procedural defect or lack of subject-matter jurisdiction.[6] *Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1213 & 1215 n.64 (11th Cir. 2007). In this case, the affidavit from Mr. Albritton, *see supra* note 5, and the notice of removal constitute the universe of documents that the court may consider. *See Lowery*, 483 F.3d at 1213-14. This evidence and the notice of removal must "*unambiguously* establish federal jurisdiction." *Id.* at 1213 (emphasis added); *see also id.* at 1213 n.63 ("[T]he documents received by the defendants

---

[5] There is no challenge to the manner in which Defendants raise this alternative ground for removal. The sole basis for removal was predicated on federal question jurisdiction, but after receipt of Mr. Albritton's affidavit, Defendants asserted diversity jurisdiction as an additional ground for removal. *See Lowery v. Ala. Power Co.*, 483 F.3d 1184, 1214 n.66 (11th Cir. 2007) ("[I]n some limited circumstances, a defendant may effectively amend a defective notice of removal upon receipt of additional evidence that supplements the earlier-filed notice. For example, such a situation might arise where, after filing an insufficient notice of removal but before remand is ordered, the defendant receives a paper from the plaintiff that would itself provide sufficient grounds for removal.").

[6] If the plaintiff challenges removal after the thirty-day period for a timely remand motion, the issue is no longer the propriety of removal, "but instead, whether *subject matter jurisdiction* exists at all." *Lowery*, 483 F.3d at 1214 n.64.

must contain an *unambiguous* statement that *clearly* establishes federal jurisdiction." (emphasis added)). The jurisdictional amount must be "either stated clearly on the face of the documents before the court, or readily deducible from them," *Id.* at 1211, or the case must be remanded. "[N]either the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Id.* at 1214-15.

The two statements upon which Defendants rely in Mr. Albritton's affidavit – that no more than $49,999 is sought for the claim under the Act, and that Plaintiffs seek at least $50,000 on their state law claims – do not clearly or unambiguously show that more than $75,000 is at issue in this case. (Albritton Aff. ¶ 3.) The court declines to impute meaning to these statements which Plaintiffs, as masters of their complaint, did not intend, by interpreting Plaintiffs' statements as an indication that they are seeking $99,999 or more ($49,999 under the Act and $50,000 or more under state law) in damages. First, Defendants assert that the affidavit represents that Plaintiffs "intend to seek damages in the amount of $49,999 pursuant to the [Act]." (Resp. 6.) That, however, is not what the affidavit says; it says that "damages in an amount that exceeds $49,999" are not being sought. (Albritton Aff. ¶ 2.) The affidavit does not provide that Plaintiffs *are seeking* $49,999 under the Act, and *nothing less*. Thus, the affidavit is ambiguous as to whether it is stating a maximum amount of damages or merely declaring that the Act's $50,000 threshold has not been met and the amount in controversy has not been unambiguously established, as required under *Lowery*, 483 F.3d at 1213 n.63. ("[T]he documents received by the defendants must contain an

unambigious statement that clearly establishes federal jurisdiction."). Second, Defendants omit reference to the attestation that "Plaintiffs only filed a claim under [the Act] for the purposes of recovering attorney's fees." (Albritton Aff. ¶ 3.) In *Ansari*, the Eleventh Circuit held that attorney's fees are costs within the meaning of § 2310(d)(3)(B), and are not included in the amount in controversy. 145 F.3d at 1271. Plaintiffs' attestation cuts against Defendants' argument that $49,999 is a plausible number to be used in the jurisdictional equation above because Mr. Albritton's affidavit creates an ambiguity as to the amount in controversy.

Defendants simply have not satisfied their burden under *Lowery* of showing that § 1332's amount in controversy requirement is unambiguously met. Accordingly, the court cannot exercise jurisdiction and must remand the case.

### IV. CONCLUSION

For the foregoing reasons, it is ORDERED:

1. Plaintiffs' Motion to Remand (Doc. # 4) is GRANTED.

2. This case is REMANDED to the Circuit Court of Covington County, Alabama.

3. The Clerk of the Court is DIRECTED to take appropriate steps to effect the remand.

DONE this 18th day of February, 2009.

                                                /s/  W.  Keith Watkins
                                          UNITED STATES DISTRICT JUDGE